UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case No.:   3:18-cr-175-TJC-JBT

LONNIE LAWRENCE MERCER, JR.

_____/

## ORDER

This cause is before the Court on Defendant Lonnie Lawrence Mercer, Jr.'s "Motion of Intent to File a Habeas Corpus 28 U.S.C. § 2255." (Doc. 100) (sic). To aid him in preparing a motion to vacate sentence under § 2255, Defendant seeks "case related documents" pursuant to 28 U.S.C. §§ 2247 and 2250 and "any applicable rules and statutes." Id. at 1. Specifically, Defendant asks that the Court order his former attorney, Assistant Federal Defender Lisa Call, to produce all emails and correspondence between defense counsel and the government, as well as the results of any investigation "into Fourth Amendment search of cell phone." Id. Defendant also asks that the Court instruct the Clerk of Court to send him a copy of the docket sheet, all unsealed documents in the case, the Court-approved form for filing a § 2255 motion, and "Local Court instructions and civil rules for filing § 2255 motions." Id. Defendant also asks, "if possible," to "assign a [new] case number the Petitioner can utilize for tracking any discovery motions or document subpoenas." Id. at 2.

To the extent Defendant requests copies of court records and transcripts without cost, that request is due to be denied as premature. The applicable statute is 28 U.S.C. § 753, which provides that indigent defendants "in proceedings brought under section

1

2255" are entitled to transcripts at government expense "if the trial judge … certifies that the suit … is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). The statute also authorizes free transcripts for indigent defendants "in criminal proceedings," "in habeas corpus proceedings," or when pursuing a non-frivolous appeal. Id.; see also United States v. Adamson, 681 F. App'x 824, 826–27 (11th Cir. 2017). "Critical to § 753(f)'s guarantee, then, is a pending proceeding to which the transcripts are relevant." Adamson, 681 F. App'x at 827 (citing United States v. MacCollom, 426 U.S. 317, 321 (1976)). "Indigent federal prisoners are not entitled to copies of transcripts at government expense for the purpose of preparing a collateral attack on a conviction." Id. (citing United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973); Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970)).[1] Because Defendant has not filed a § 2255 motion, he does not have any pending proceeding to which the requested records are relevant. As a result, he is not entitled to copies of court records at the government's expense. See Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").[2]

---

[1] Decisions issued by the former Fifth Circuit Court of Appeals before the close of business on September 30, 1981, are binding in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] Defendant cites 28 U.S.C. § 2247, which is inapposite. That statute says only that certain documentary evidence and transcripts are admissible in habeas proceedings, not that a defendant is entitled to those documents free of charge. 28 U.S.C. § 2250, which Defendant also cites, does speak of furnishing copies of documents and parts of the record without cost to a habeas petitioner, but only "on … application for a writ of habeas corpus" if "an order has been made permitting the petitioner to prosecute the application in forma pauperis." Because Defendant has neither filed a § 2255 motion nor obtained leave to proceed in forma pauperis, § 2250 is no more applicable than § 753(f).

To the extent Defendant seeks an order compelling his former attorney to produce emails and other records, that request is also due to be denied as premature. "[U]nder controlling caselaw, the answer is clear: A prisoner is not entitled to file a motion for discovery – of transcripts, indictments, search warrants, or other records – before filing a § 2255 motion to vacate." United States v. Cuya, 964 F.3d 969, 972 (11th Cir. 2020).

To the extent Defendant seeks a copy of the docket sheet and the Court-approved § 2255 form, the Court will direct the Clerk to send him a courtesy copy of these items. Insofar as Defendant seeks a copy of the Court's Local Rules, a copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office.[3] Finally, copies of the Federal Rules of Civil Procedure, the Rules Governing Section 2255 Proceedings, and relevant statutes are usually accessible through the prison's law library.

Accordingly, it is hereby **ORDERED:**

1. Defendant's "Motion of Intent to File a Habeas Corpus 28 U.S.C. § 2255 [sic]" (Doc. 100) is **DENIED WITHOUT PREJUDICE** to the extent he seeks discovery or copies of court records. Defendant may renew his request after he files a motion to vacate sentence under § 2255, at which point a new civil case will be opened.

2. The Court directs the Clerk of Court to send Defendant a one-time courtesy copy of the docket sheet and a copy of AO Form 243 (motion to vacate sentence).

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of June, 2022.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

---

[3] Because the Court cannot pay the mailing costs, the request must be accompanied by a self-addressed envelope with appropriate postage affixed thereto.

lc 19

Copies:
Defendant
Counsel of record

4